Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| HAMARA JIMÉNEZ TUGUES JOSÉ DAVID RIVERA RODRÍGUEZ<br><br>Peticionarios<br><br>v.<br><br>EX PARTE | KLAN202301042 | Apelación se acoge como Certiorari[1] procedente del Tribunal de Primera Instancia, Sala de Arecibo<br><br>Caso Número: C DI2008-0535<br><br>Sobre: Divorcio |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Rivera Marchand y el Juez Salgado Schwarz.

Salgado Schwarz, Carlos G., Juez Ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de enero de 2024.

Comparece ante nos el Sr. José David Rivera Rodríguez (señor Rivera Rodríguez o Peticionario) y solicita que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI o foro primario) el 25 de septiembre de 2023, notificada el 26 de septiembre de 2023. Mediante el referido dictamen, el TPI dispuso, en lo pertinente, lo siguiente:

> […]
>
> En consecuencia, este Tribunal determina que la controversia que aún queda pendiente y que se procederá a aquilatar durante la correspondiente Vista Evidenciaria lo es la alegada merma en la capacidad económica del señor Rivera Rodríguez, por la cual desde el año 2017 ha dejado de pagar la pensión excónyuge estipulada. Por consiguiente, este Tribunal no va a permitir descubrimiento de prueba ni la presentación de evidencia durante la Vista Evidenciaria en cuanto

---

[1] Acogemos el recurso como uno de *Certiorari,* aunque por razones de economía administrativa conservará su clave alfanumérica.

asuntos relacionados a la capacidad económica de la señora Jiménez Tugues, ni sobre su alegado concubinato.

[…]

Luego de deliberar los méritos del recurso ante nos, entendemos procedente no intervenir con la decisión recurrida. Si bien este foro apelativo no está obligado a fundamentar su determinación al denegar la expedición de un recurso discrecional,[2] abundamos sobre las bases de nuestra decisión para que las partes no alberguen dudas en sus mentes sobre el ejercicio de nuestra facultad revisora y su justificación jurídica.

Conforme a lo anterior, expresamos que no surge del expediente de este caso que el TPI actuase mediando prejuicio, parcialidad, error manifiesto o mediante craso abuso de su discreción.[3] Tampoco divisamos fundamentos jurídicos que motiven la expedición del auto instado al amparo de los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones.[4]

Basado en lo anterior, *denegamos* la expedición del auto de *certiorari* ante nuestra consideración.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] 32 LPRA Ap. V, R. 52.1.
[3] *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).
[4] 4 LPRA Ap. XXII-B, R. 40.